**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ARIANA DOLCINE,

     Plaintiff,

v.

JIMMIE GILES FINANCIAL INSURANCE,
L.L.C., CANDACE V. GILES,
JIMMIE V. GILES, SR., and
JIMMIE V. GILES, JR.,

     Defendants.

_____/

**<u>COMPLAINT</u>**
*{Jury Trial Demanded}*

Plaintiff ARIANA DOLCINE ("Ariana") brings this action against Defendants JIMMIE

GILES FINANCIAL INSURANCE, L.L.C. ("JGFI"), CANDACE V. GILES ("C. Giles"),

JIMMIE V. GILES, SR. ("Giles, Sr."), and JIMMIE V. GILES, JR. ("Giles, Jr.") and alleges as

follows:

1.     This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219

("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     At all times material hereto, Plaintiff was a resident of Florida and an "employee" of

Defendants as defined by the FLSA.

3.     At all times material hereto, JGFI was a Florida corporation that regularly transacted

business in Broward County, Florida.

4.     Upon information and belief, JGFI's gross sales or business done was over $500,000 per

year at all times material hereto.

5.      JGFI was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

6.      At all times material hereto, Ariana engaged in interstate communication on a regular and recurring basis, including but not limited to communication via telephone and email with insureds located in Canada, Ohio, and other places an average of four times per week.

7.      Ariana engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

8.      C. Giles is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of JGFI, ran the day-to-day operations, and had operational control over JGFI, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

9.      Giles, Sr. is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of JGFI, ran the day-to-day operations, and had operational control over JGFI, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

10.     Giles, Jr. is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of JGFI, ran the day-to-day operations, and had operational control over JGFI, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

11.     JGFI operates a business that provides insurance claims adjusting services.

12.     Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

13.     Ariana worked for Defendants as a claims adjuster.

14.     Defendants failed to pay Ariana's full and proper minimum wages.

15.     Defendants failed to pay Ariana's full and proper overtime wages.

16.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

17.     Attached as **Exhibit A** is a preliminary calculation of Ariana's claims, including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

18.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

19.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

21.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

Elliot Kozolchyk, Esq.
Florida Bar No. 74791

4